IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEBA OSAMA HASSAN ABULSHEOUR and MARK IBRAHIM SAID MAKAR | : : : | CIVIL ACTION No. 24-548 |
| v. | : : : | |
| ALEJANDRO MAYORKAS et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                              **December 19, 2024**

Plaintiffs Heba Osama Hassan Abulsheour and Mark Ibrahim Said Makar bring this action under the Mandamus Act and the Administrative Procedure Act (APA) to compel Defendants to adjudicate their asylum applications, which have been pending since January 3, 2022. Defendants move to dismiss the mandamus claim under Rule 12(b)(1) and the APA claim under Rule 12(b)(6). The court will dismiss Plaintiffs' mandamus claim for lack of subject matter jurisdiction, but finds that Abulsheour and Makar have sufficiently pled their APA claim. Accordingly, Defendants' motion will be granted in part and denied in part.

**BACKGROUND**

Plaintiffs Heba Osama Hassan Abulsheour and Mark Ibrahim Said Makar are Egyptian citizens seeking asylum in the United States. Compl. ¶¶ 1-2. On January 3, 2022, Abulsheour and Makar both filed I-589 applications for asylum and for withholding of removal. *Id.* Since then, Abulsheour and Makar, through their counsel, have followed up with the Newark Asylum Office of the U.S. Citizenship and Immigration Services (USCIS) as to the status of their applications and whether it is possible to expedite their adjudication. *See* ECF No. 1-4 at 8-16. With their applications still pending, on February 6, 2024, Abulsheour and Makar filed this action under the

Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act (APA), 5 U.S.C. § 701, seeking to compel the adjudication of their applications.

## DISCUSSION

### I.   Mandamus Act Claim

Abulsheour and Makar seek relief under the Mandamus Act, 28 U.S.C. § 1361, a claim which Defendants argue must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court agrees. Rule 12(b)(1) permits two types of jurisdictional challenges: facial attacks and factual attacks. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" whereas a factual attack contests the truth of the jurisdictional allegations. *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (internal citation omitted). Where there is a facial attack—as there is here—a court must accept the complaint's well-pled allegations as true and review the allegations in light most favorable to the plaintiffs. *Manivannan v. U.S. Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022). To survive a Rule 12(b)(1) motion, plaintiffs must establish that jurisdiction exists. *Potter v. Cozen & O'Connor*, 46 F.4th 148, 155 (3d Cir. 2022).

The Mandamus Act provides that "[d]istrict courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). To invoke mandamus, a plaintiff must first establish jurisdictional three requirements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative

remedy exists." *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 130 (3d Cir. 2021) (internal citation omitted). If a plaintiff fails to establish all three requirements, a court must dismiss the claim. *See Shaqran v. Blinken*, Civ. No. 23-1406, 2024 WL 3237595, at *7 (E.D. Pa. June 27, 2024); *see also Temple Univ. Hosp., Inc.*, 2 F.4th at 130 ("without subject-matter jurisdiction, [federal courts] lack authority to address the merits of a case.").

The Immigration and Nationality Act (INA) provides that absent exceptional circumstances, the initial asylum application interview shall occur within 45 days of an asylum application and the final administrative decision should be issued within 180 days. 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii). At the same time, § 1158(d)(7) expressly rejects the creation of a private right of action to enforce any part of § 1158, stating that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Courts in this Circuit and across the country have held that mandamus relief is unavailable where a statute does not create a private right of action, or a clear and indisputable right. *See Ahmad v. U.S. Citizenship & Immigr. Servs.*, Civ. No. 23-3332, 2024 WL 3272832, at *4 (D.N.J. July 2, 2024) (collecting cases); *see also Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 57 (S.D.N.Y. 2020) ("[i]t is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action."). Those same courts have applied that logic to 8 U.S.C. § 1158, finding that because the statute does not create a private right of action, there is no clear and indisputable right to have asylum applications reviewed within the timeframes in § 1158(d)(5). *See Ahmad*, 2024 WL 3272832, at *4 (collecting cases and describing courts reaching this conclusion as "a chorus").

To the extent Abulsheour and Makar seek to enforce the specific timeframes in in § 1158(d)(5), this Court finds mandamus relief is not warranted because § 1158(d)(7) bars Abulsheour and Makar from specifically enforcing those timelines. However, in their response, Plaintiffs argue § 1158(d)(7) is not an impediment to their claim because they are only invoking their "right to have the application adjudicated within a reasonable time" and that the timeframes in § 1158(d)(5) are provided only to highlight the unreasonableness of the delay. ECF No. 11 at 4. To the extent that is the case, Plaintiffs are still barred from mandamus relief because they may pursue a claim for unreasonable delay via the APA, and thus fail to demonstrate that "no adequate alternative remedy exists." *Temple Univ. Hosp., Inc.*, 2 F.4th at 132; *see Ahmad*, 2024 WL 3272832, at *5 (discussing cases where mandamus claims were dismissed because an adequate remedy under the APA was available).[1] For failure to establish subject matter jurisdiction, the Court will dismiss Plaintiffs' claim for mandamus relief without prejudice.[2]

## II.   Administrative Procedure Act Claim

Defendants also challenge Plaintiffs' claim under the APA for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Abulsheour and Makar have sufficiently pled their claim under the APA, the Court will deny Defendants' motion. To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts that when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] *See also Luo v. U.S. Citizenship & Immigr. Servs.*, Civ. No. 23-1104, 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023) ("8 U.S.C. § 1158(d)(7) does not strip the federal courts' jurisdiction to decide mandamus or APA claims based on assertions that asylum applications have remained pending long after those statutory deadlines. . . . In other words, asylum applicants may not compel compliance with these statutory deadlines, but they may still file lawsuits in federal court asserting that prolonged delays in their asylum applications have become unreasonable.").

[2] Because Abulsheour and Makar have failed to meet two of the three jurisdictional requirements, the Court declines to address whether the remaining requirement is met.

(2009). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To make this determination, a reviewing court must (1) determine the elements required to plead each claim, (2) identify which allegations are conclusory and may not be accepted as true, and (3) assess whether the remaining, non-conclusory allegations plausibly entitle the plaintiff to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

The APA requires agencies to adjudicate matters within a "reasonable time." 5 U.S.C. § 555(b). When an agency fails to do so, courts are to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). "Our polestar is reasonableness." *See Pub. Citizen Health Rsch. Grp. v. Chao*, 314 F.3d 143, 151 (3d Cir. 2002). To determine whether an administrative delay is unreasonable, courts in the Third Circuit are to consider the following four factors: (1) the length of time that has elapsed since the agency came under a duty to act, (2) the reasonableness of the delay in the context of the statute authorizing the agency's action, (3) the consequences of the agency's delay, and (4) any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources. *Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998).

First, the Court begins its analysis by considering the length of time that has elapsed since the agency came under a duty to act. Abulsheour and Makar filed their asylum applications on January 3, 2022, and brought this action on February 6, 2024 (later filing an amended complaint on April 15, 2024). At that point, their applications had been pending for roughly 25 months (and as of writing, now 35 months). When assessing whether a delay is reasonable, courts in this district have looked to the statutory scheme provided by Congress, tending to find unreasonable delays

5

"when defendants fail to comply with timeframes anticipated—though not necessarily mandated—by the underlying immigration laws at issue."[3] Like in *Alvarez*, the Court looks to the 180-day timeframe set by Congress and at this stage, finds the 25-month delay here—over four times longer than Congress envisioned—weighs in Plaintiffs' favor. *See Saavedra Estrada v. Mayorkas*, 703 F. Supp. 3d 560, 569 (E.D. Pa. 2023) (20-month delay was no inherent reason to dismiss APA unreasonable-delay claim where Congress had not established any timeframe).

Second, the Court turns to the reasonableness of the delay in the context of the INA. While the INA establishes an adjudication timeline for asylum applications, Congress expressly withheld any substantive or procedural right to adjudication within those timelines and carved out an exception for "exceptional circumstances," making the timelines not mandatory. 8 U.S.C. § 1158(d)(5), (7); *see Ahmad*, 2024 WL 3272832, at *6 (discussing cases). At the same time, those carveouts do not negate that Congress did establish a timeframe, which Defendants have clearly surpassed. *See Daraji v. Monica*, 2008 WL 183643, at *5 ("Congress' expectations do 'not necessarily carry the force of law,' though [] may provide the Court with general guidance"). The Court finds this factor is neutral.

Third, the Court considers the consequences of the delay. In their response to the motion, Abulsheour and Makar claim they have suffered significant adverse consequences because of the delay including detriment to their professional careers as medical doctors (not being able "to travel abroad for research and conferences") and detriment to their personal lives (not being able to

---

[3]    *Alvarez v. Raufer*, Civ. No. 19-3155, 2020 WL 1233565, at *4 (E.D. Pa. Mar. 12, 2020) (four-year delay in the adjudication of an asylum application exceeded the 180-day period set forth in 8 U.S.C. § 1158(d)(5)); *Karimushan v. Chertoff*, Civ. No. 07-2995, 2008 WL 2405729, at *4-6 (E.D. Pa. June 11, 2008) (two-year delay in naturalization petition adjudication was beyond the 180-day statutory scheme); *Daraji v. Monica*, Civ. No. 07-1749, 2008 WL 183643, at *5 (E.D. Pa. Jan. 18, 2008) (same); *see also Arabzada v. Donis*, 725 F. Supp. 3d 1, 16 (D.D.C. 2024) (three-year delay in adjudication of asylum application "exceeds Congress's envisioned timeline").

"travel abroad to see family, including sick elderly relatives."). ECF No. 11 at 9. While these assertions are not particularly developed, the Court finds they are sufficient at this stage and favor Plaintiffs. These consequences for Abulsheour and Makar exist despite the relevant steps Congress and USCIS have taken to mitigate the delay in the adjudication of asylum applications (i.e., protecting applicants from removal, allowing them to seek employment authorization while their applications are pending, providing pathways to expedite applications in certain circumstances). *See* ECF No. 12 at 20. Moreover, the fact that many people suffer the same kind of prejudice—as Defendants argue—does not diminish the prejudice suffered by the plaintiffs in this case.

Lastly, the Court looks to any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources. The Court finds persuasive arguments for both Defendants and Plaintiffs and thus, this factor is neutral. Defendants argue this factor weighs in their favor because granting the requested relief would result in prioritizing Plaintiffs over other similarly-deserving applicants, while doing nothing to cure the deficiencies in the asylum application process. ECF No. 12 at 17-18. Moreover, Defendants highlight the immense challenges USCIS has faced in recent years given the lingering impacts of the Covid-19 pandemic, the sharp increase in the number of asylum applications, and the agency's numerous competing priorities. *See id.* at 7-8. The Court is aware of these concerns and is sympathetic to the many challenges faced by UCSIS. At the same time, the Court is not in a position "weigh individual plaintiffs' clear rights to administrative action against the agency's burdens in complying," particularly where the challenges are likely systemic. *Daraji*, 2008 WL 183643, at *7 (Restrepo, M.J.) ("If the primary cause of the delay to these plaintiffs' applications is a systemic problem, as defendants suggest, it requires a systemic solution that the Court is not in a position to fund nor implement."). Moreover, that "USCICS has many priorities and limited

resources is insufficient to justify granting their Motion to Dismiss." *Saavedra*, 703 F. Supp. 3d at 571.[4]

**CONCLUSION**

For lack of subject matter jurisdiction, the Court will dismiss Abulsheour and Makar's claim for mandamus relief. However, because Plaintiffs have pled sufficient facts to state a plausible claim under the APA, the Court denies Defendants' motion to dismiss on that claim.

An appropriate order follows.

                                                BY THE COURT:

                                                /s/ Juan R. Sánchez
                                                Juan R. Sánchez, J.

---

[4] *See also Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 454-55 (6th Cir. 2022) ("We sympathize with the burdens that agencies shoulder. But we cannot supplant the law with the Government's policy argument that agencies should be the sole arbiters of what constitutes an 'unreasonable delay' because agencies are best positioned to manage their resources. . . . Taken to its logical conclusion, the Government's argument would eliminate federal judicial review of any agency action and wipe the APA off the books.").